**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES MOORE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>      v.<br><br>CHECKPOINT THERAPEUTICS, INC., JAMES F. OLIVIERO, and GARRETT GRAY,<br><br>        Defendants. | Case No. 1:24-cv-02613-PAE |

**HAMILTON BAILEY'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL</u>**

Lead Plaintiff Movant Hamilton Bailey ("Bailey") submits this memorandum of law in opposition to the two other competing motions for appointment as lead plaintiff and approval of lead counsel (Dkt. Nos. 20, 24). Bailey should be appointed as lead plaintiff because he has the largest financial interest, and his counsel should be approved because they are well-qualified.

## I.    INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The motions were filed by Bailey (Dkt. No. 17); IndKay Asset, Limited Partnership ("IndKay") (Dkt. No. 20); and Xiaoou Deng ("Deng,") (Dkt. No. 24).

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the movant or movant group "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

Here, Bailey is the presumptively most adequate plaintiff. As demonstrated herein, when movants' losses are calculated in accordance with *Turpel v. Canopy Growth Corp.*, No. 23-cv-4302, 2023 WL 8276633 (S.D.N.Y. Nov. 30, 2023), Bailey has the largest financial interest,

1

claiming a loss of $94,155.[1] By comparison, IndKay, the movant with the next largest loss, has a loss of just $21,046.[2] Bailey also filed a timely motion and satisfies the requirements of Rule 23. As such, Bailey meets all the requirements to be the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Bailey is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Bailey should be appointed lead plaintiff, and his selection of counsel should be approved.

## II.    BAILEY IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF

Bailey satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, he filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 17; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, he satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 18; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Bailey has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films*

---

[1] Counsel for Bailey mistakenly submitted a bare last in, first out loss calculation preferred by some other courts with his initial motion (*see* Dkt. No. 19-3). As such, Baily submits herewith a loss calculation in accordance with *Canopy Growth*, the method preferred by this Court. *See* Declaration of Gregory B. Linkh in Support of Hamilton Bailey's Opposition to the Competing Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl. ISO Bailey Opp."), Ex. 1.

[2] *See* Linkh Decl. ISO Bailey Opp., Ex. 2.

*Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008). Of these factors, losses suffered is the most important. *See id.* at 437. In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, citing *Molex*); *Bo Young Cha v. Kinross Gold Corp.*, No. 12-cv-1203, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor.").

This Court has established a preference that movants' losses be calculated in accordance with *Canopy Growth*, 2023 WL 8276633, at *8 n.7. *Canopy Growth* dictates that losses be "calculated by multiplying the number of shares each purchased . . . by the per-share diminution in value after the alleged corrective disclosure." *Id.* at *8 n.7. The PSLRA further limits damages to "the difference between the purchase . . . price paid . . . and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells . . . the security." 15 U.S.C. § 78u-4(e)(2). Here, Bailey purchased some of his shares at prices below the pre-disclosure closing price of $3.32 per share, triggering the PSLRA limitation, which his counsel has applied to his loss calculation. *See* Linkh Decl. ISO Bailey Opp., Ex. 1.

Bailey has the largest financial interest as measured by every factor:

| Movant | Gross Shares Purchased[3] | Net Shares Purchased | Net Expenditure | *Canopy Growth* Loss |
|--------|--------------------------|----------------------|-----------------|----------------------|
| Bailey | 108,560 | 86,824 | $621,690.94 | $94,155.95 |
| IndKay | 62,681 | 15,927 | $529,956.60 | $21,046.36 |
| Deng | 2,027 | 2,027 | $72,682.83 | $3,157.69 |

---

[3] Share quantities in this chart are normalized to account for the 1-for-10 reverse stock split that occurred on December 6, 2022. The figures in this chart are the post-split quantities.

3

Notably, IndKay's loss as presented in its initial motion is greatly exaggerated due to a calculation error. *See* Dkt. No. 23-1 (claiming a *Canopy Growth* or "*Dura*" style loss of $653,590). A corrected calculation of IndKay's loss is submitted with this opposition. *See* Linkh Decl. ISO Bailey Opp., Ex. 2. The fact that IndKay miscalculated its loss is evident by the fact that IndKay (correctly) claims it retained 15,927 shares at the end of the class period, *see* Dkt. No. 31-1, and the complaint alleges a per-share price decline of just $1.49 following the only alleged corrective disclosure at the end of the class period. *See* Dkt. No. 1 ¶¶ 6, 48. Multiplying these figures together yields an estimated loss of $23,731. IndKay's actual loss (*see* the above chart) is slightly smaller than $23,731 because application of the PSLRA 90-day lookback provision yields a per-share loss of $1.3214 rather than $1.49. Regardless, IndKay's corrected loss is substantially smaller than IndKay's claimed loss of $653,590, and smaller than Bailey's loss of $94,155.[4]

Since Bailey has the largest financial interest, filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

## III.    THE PRESUMPTION THAT BAILEY IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Bailey would be inadequate or subject to unique defenses. To the contrary, as explained in Bailey's memorandum in support of his motion, Bailey is the president of an insurance company and has been managing

---

[4] Counsel for Bailey attempted to reverse engineer how IndKay miscalculated its loss, but IndKay did not show its work, and the source of the error remains unclear.

his own investments for approximately 21 years. *See* Dkt. No. 18 at 8. As such, Bailey should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

## IV.    BAILEY'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Accordingly, Bailey's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 19-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Bailey's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Bailey's selection of lead counsel for the class should be approved.

## V.    CONCLUSION

For the foregoing reasons, Bailey respectfully requests that the Court grant his motion and enter an Order: (1) appointing Bailey as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP  as lead counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: June 18, 2024                    **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)

5

230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
        clinehan@glancylaw.com
        prajesh@glacnylaw.com

*Counsel for Hamilton Bailey and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

6

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 18, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 18, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh