UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MOORE, *individually and on behalf of all others similarly situated*,

Plaintiff,

-v-

CHECKPOINT THERAPEUTICS, INC., *et al.*,

Defendants.

24 Civ. 2613 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiff Hamilton Bailey's unopposed motion to be appointed lead plaintiff and to have his attorneys appointed lead counsel. For the following reasons, the Court grants the motion.

**I.    Background**

On April 5, 2024, plaintiff James Moore filed this putative securities class action on behalf of all individuals who purchased shares of Checkpoint Therapeutics, Inc. ("Checkpoint") between March 10, 2021 and December 15, 2023. Dkt. 1 ("Compl.") ¶ 1. Checkpoint, based in Waltham, Massachusetts, acquires, develops, and commercializes novel skin-cancer treatments. *Id.* ¶¶ 2, 13, 19. As relevant here, Moore alleges that, throughout the class period, Checkpoint made upbeat statements about its business, operations, and prospects; in particular, as to its lead antibody product candidate, cosibelimab, and the "substantial progress" Checkpoint had made "towards [its] potential approval" by the Food and Drug Administration ("FDA"). *Id.* ¶¶ 21–46. On December 18, 2023, during pre-market hours, Checkpoint issued a press release disclosing that the FDA had declined to approve cosibelimab due to concerns about Checkpoint's third-

1

party contract manufacturing organization. *Id.* ¶ 47. On this news, Checkpoint's stock price dropped 44.9%, closing at $1.83 per share. *Id.* ¶ 48.

The same day the Complaint was filed, notice of this action was published in *Business Wire*. Dkt. 8, Ex. 1. As required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), the notice summarized the basis for this action and informed members of the putative class that they had 60 days to move for appointment as lead plaintiff. That 60-day period expired on June 4, 2024.

On June 4, 2024, Bailey filed a motion for appointment as lead plaintiff and for approval of his chosen counsel. Dkts. 17–19. Bailey is represented by Glancy Prongay & Murray LLP. Bailey is the only party who presently seeks appointment as lead plaintiff.[1]

## II.  Appointment of Lead Plaintiff

The PSLRA governs motions for appointment of lead plaintiff and approval of lead counsel in putative class actions brought under federal securities laws. The PSLRA directs the court to appoint as lead plaintiff the party or parties "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person who: (1) has either "filed the complaint or made a motion in response to a notice," *id.* § 78u-4(a)(3)(B)(iii)(I)(aa); (2) has the "largest financial interest in the relief sought by the class," *id.* § 78u-4(a)(3)(B)(iii)(I)(bb); and (3) "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(cc). "[T]his presumption may be

---

[1] On June 4, 2024, two other parties—IndKay Asset Ltd. and Xiaoou Deng—moved for appointment as lead plaintiff. Dkts. 20–23 (IndKay Asset Ltd.), 24–25 (Deng). On June 18, 2024, Deng withdrew his motion, Dkt. 26; on June 20, 2024, IndKay Assett Ltd. did the same, Dkt. 30.

rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

As noted, Bailey timely moved for appointment, satisfying the first prong. Dkt. 17. The Court therefore turns to the second and third prongs established by the PSLRA.[2]

### A.    Financial Interest

Bailey certifies that he purchased 108,560 shares of Checkpoint during the class period and lost a total of $94,155.95 when the share price dropped. Dkt. 28, Ex. 1. Because no prospective lead plaintiff with a larger financial stake in this case has come forward, and the Court does not have access to non-parties' financial records, the Court must assume that Bailey's financial interest renders him suitable to serve as lead plaintiff. *See, e.g.*, *Bristol County Ret. Sys. v. Telefonaktiebolaget LM Ericsson*, No. 18 Civ. 3021 (RJS), 2018 WL 3546182, at *1 (S.D.N.Y. July 24, 2018); *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097 (JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011); *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, No. 07 Civ. 3923 (RWS), 2007 WL 2363610, at *3 (S.D.N.Y. Aug. 16, 2007).

### B.    Rule 23 Requirements

The Rule 23 requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70,

---

[2] Although Bailey's motion is unopposed, the Court must conduct an independent review to ensure he satisfies the PSLRA's requirements. *See, e.g.*, *Springer v. Code Rebel Corp.*, No. 16 Civ. 3492 (AJN), 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) (collecting cases).

3

80 (2d Cir. 2015).  At this early stage of litigation, however, "'only the last two factors—typicality and adequacy—are pertinent.'"  *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (quoting *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)).  A lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  A lead plaintiff is adequate where he "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent."  *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)).  To obtain appointment as lead plaintiff, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

Bailey's claims "are typical of the class because [his] claims and injuries arise from the same conduct from which the other class members' claims and injuries arise."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (citing *Drexel*, 960 F.2d at 291).  As alleged in the Complaint, every member of the putative class, "(1) purchased or acquired [Checkpoint] securities during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market."  *Jolly Roger*, 2007 WL

4

2363610, at *4.  Accordingly, Bailey's claims arise from the same course of conduct as other putative class members' claims.

On the facts presently known, Bailey is also an adequate class representative.  He has certified that he is willing to fulfill the duties of lead plaintiff, Dkt. 19, Ex. 2, and he has retained counsel with significant experience in securities fraud cases, *id.*, Ex. 4.  And there is, as yet, no indication that Bailey has interests antagonistic to those of the class.  *See Plumbers, Pipefitters & MES*, 2011 WL 4831209, at *2; *Jolly Roger*, 2007 WL 2363610, at *5.

Because Bailey has thus far satisfied all of the PSLRA requirements, the Court finds that he is the most adequate plaintiff.  There has been no credible claim that he "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The Court therefore appoints Bailey as lead plaintiff.

### III.     Appointment of Class Counsel

The most adequate plaintiff may retain counsel to represent the class, subject to the Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  "There is a 'strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection.'"  *Sallustro v. CannaVest Corp.*, No. 14 Civ. 2900 (PGG), 2015 WL 1262253, at *10 (S.D.N.Y. Mar. 19, 2015) (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)).  Here, as noted, Bailey has selected the firm of Glancy Prongay & Murray LLP.  Having reviewed the firm's submissions as to its pertinent background and experience, including its experience litigating securities class actions, *see* Dkt. 19, Ex. 4, the Court finds that it is well qualified to serve as lead counsel.  Accordingly, the Court appoints Glancy Prongay & Murray LLP lead counsel.

## CONCLUSION

For the foregoing reasons, Bailey is hereby appointed as lead plaintiff, and Glancy Prongay & Murray LLP is hereby appointed as lead counsel.  The Clerk of Court is respectfully directed to terminate all pending motions.  The parties are directed to confer and jointly file by July 9, 2024 a proposed schedule for the filing of an amended complaint and briefing schedule for any motion to dismiss.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 21, 2024
       New York, New York